IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DESTINI VOGEL, as next of kin to MATTHEW VOGEL, deceased, | ) ) ) |
| Plaintiff, | ) NO.: 1:24-cv-00108 ) ) |
| v. | ) ) ) |
| CORECIVIC OF TENNESSEE, LLC, | ) ) |
| Defendant. | ) ) |

ANSWER

Defendant CoreCivic of Tennessee, LLC, responds to the Plaintiff's Complaint as follows:

**GENERAL OBJECTION**

Defendant objects to the Complaint to the extent that it fails to comply with Rules 8 and 10 of the FEDERAL RULES OF CIVIL PROCEDURE. Defendant objects to the allegations appearing in Plaintiff's Complaint to the extent that they state legal conclusions and to the form of the pleadings in that they make certain implications beyond the factual assertions alleged. Such apparent or unapparent implications are expressly and unequivocally denied, and Defendant demands strict proof thereof.

**ADMISSIONS AND DENIALS**

Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES

1. Defendant is without sufficient information to admit or deny the allegations in this paragraph and demands strict proof thereof.

2. Defendant admits that Matthew Vogel was a TDOC inmate at South Central Correctional Facility ("SCCF") in Wayne County, Tennessee, at the time of his death. Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and demands strict proof thereof.

3. Defendant is without sufficient information to admit or deny the allegations in this paragraph and demands strict proof thereof. Defendant denies that Plaintiff is entitled to relief from Defendant.

4. Defendant admits that CoreCivic of Tennessee is a private company headquartered in Brentwood, Williamson County, Tennessee, located at 5501 Virginia Way, Suite 110, Brentwood, Tennessee 37027, that CoreCivic operates SCCF and that SCCF is located in Clifton, Tennessee, in Wayne County. Defendant admits that it can be served via its registered agent. Defendant denies all remaining allegations appearing in this paragraph.

## JURISDICTION AND VENUE

5. Denied.

6. Denied.

## FACTS

7. Admitted.

8. Denied.

9. Defendants admit that Travis Bess was assigned to a cell with Vogel. Defendants deny the remaining allegations.

10. Admitted that Bess had a history of violent behavior. But deny that prior to Vogel's death, Bess had engaged in any recent violent behavior to Defendant's knowledge.

11. Admitted.

12. Admitted that Bess has a prison disciplinary history. But deny that Bess had an extensive recent disciplinary history and deny the remaining allegations.

13. Admitted that the TDOC maintains a standardized scoring system by which inmates are assigned a classification by the TDOC. Deny the remaining allegations as stated.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendant admits that Bess murdered Vogel. Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and demands strict proof

thereof.

29. Defendant admits that CoreCivic employees were unaware of the altercation between Bess and Vogel until after the fact. Defendant denies the remaining allegations.

30. Without sufficient information or belief to admit or deny and demand strict proof thereof. Deny that Plaintiff is entitled to any relief under any theory of law against Defendant.

31. Without sufficient information or belief to admit or deny and demand strict proof thereof. Deny that Plaintiff is entitled to any relief under any theory of law against Defendant.

## COUNT ONE: WRONGFUL DEATH

32. Defendant incorporates the preceding responses as if fully set forth herein.

33. No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied. Defendant further denies that Plaintiff is entitled to relief from Defendant under any theory of law.

## COUNT TWO: NEGLIGENCE PER SE

41. Defendant incorporates the preceding responses as if fully set forth herein.

42. No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

43. No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

44. No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

45. Defendant admits it employed a warden over SCCF. No response is necessary to the remaining allegations, as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

46. Denied.

47. Denied.

48. Denied.

## **PUNITIVE DAMAGES**

49. Defendant incorporates the preceding responses as if fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## RELIEF SOUGHT

Denied that Plaintiff is entitled to any relief under any theory of law and deny all allegations appearing in the Plaintiff's Relief Sought.

## GENERAL DENIAL

All allegations of the Complaint not admitted, denied, or explained are now expressly denied, and Defendant demands strict proof thereof. Defendant denies that Plaintiff is entitled to any relief. Plaintiff has failed to set forth a claim and therefore the Complaint should be dismissed.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Complaint should be dismissed.

2. Defendant denies that the Court has subject matter jurisdiction. Vogel was a resident of Tennessee, and the amount in controversy does not exceed the $75,000 threshold. Therefore, no diversity jurisdiction exists, and the Court lacks subject-matter jurisdiction over this action.

3. Defendant denies that Plaintiff is entitled to punitive damages. Plaintiff cannot show that Defendant or its employees were in any way negligent. Further, even if Plaintiff could possibly show Defendant was negligent, Plaintiff cannot establish that Defendant and/or its employees conduct was so egregious that it entitles Plaintiff to punitive damages.

4. At all times relevant, Defendant's officers acted in good faith, without breaching any operational duty and therefore Plaintiff may not recover from Defendant.

5. Defendant denies that its officers breached any duty that they may have owed to Plaintiff in a correctional setting.

6. Defendant relies upon the doctrine of modified comparative fault. Specifically, Vogel's own actions were negligent. Vogel was negligent by, among other things, failing to seek protection from any CoreCivic staff, failing to take action to avoid the assault, and/or instigating the altercation. Defendant will assert Vogel's fault at trial. Additionally, Defendant reserves the right to assert fault against a non-party for his/her negligent conduct to the extent discovery reveals such negligence.

7. Any injuries, damages or losses that may have been sustained were the proximate result of an independent intervening act and/or superseding cause for which Defendant cannot be held liable. For instance, Travis Bess is at fault for his actions, which constituted the proximate cause of Plaintiff's and Vogel's injuries. Alternatively, Vogel is at fault for intentionally beginning an altercation with Bess and is at fault for his actions. Accordingly, Plaintiff cannot recover against Defendant.

8. Plaintiff's claims are barred, in whole or in part, because Vogel failed to mitigate, minimize, avoid, or otherwise act to lessen or reduce the Plaintiff's alleged injuries or damages.

9. Defendant affirmatively reserves the right to amend, at any time throughout this case, any of the foregoing affirmative defenses and/or responses, and/or to assert additional affirmative defenses that may become warranted due to discovery or factual developments.

WHEREFORE PREMISES CONSIDERED Defendant CoreCivic of Tennessee, LLC hereby demands that the Complaint be dismissed and that the costs of this cause be assessed against the Plaintiff for which execution may issue, if necessary.

Respectfully submitted,

PENTECOST, GLENN & TILLY, PLLC

By: s/Nathan D. Tilly
Nathan D. Tilly (#31318)
Haynes T. Russell (#36923)
*Attorneys for Defendant CoreCivic of Tennessee*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 – Telephone
(731) 668-7163 – Facsimile
ntilly@pgtfirm.com
hrussell@pgtfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the United States Postal Service upon the following:

Benjamin K. Raybin
David J. Weissman
Raybin & Weissman, P.C.
424 Church Street, Ste. 2120
Nashville, TN 37219

on or before the filing date thereof.

DATE: This the 28th day of February, 2025.

By: s/Nathan D. Tilly
Nathan D. Tilly